IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| OLDFIELD CLUB, FOR ITSELF AND ON BEHALF OF ITS MEMBERS,<br><br>Plaintiffs,<br><br>vs.<br><br>TI OLDFIELD DEVELOPMENT, LLC, AND TI OLDFIELD OPERATIONS, LLC, BY AND THROUGH THEIR RESPECTIVE BOARD OF DIRECTORS JOHN DOE 1-10, INDIVIDUALLY AND AS DIRECTORS BETWEEN THE TIME PERIODS 2010-2015 (PRE-TURNOVER); OLDFIELD HOLDINGS GA, LLC; PHILLIP GALBREATH,<br><br>Defendants. | Civil Action No. 9:17-cv-00452-DCN<br><br>**NOTICE OF REMOVAL** |

TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, BEAUFORT DIVISION:

Pursuant to 28 U.S.C. §§ 1441 and 1446, the above-named defendants TI Oldfield Development, LLC ("TIOD"), TI Oldfield Operations, LLC ("TIOO"), Oldfield Holdings GA, LLC ("Oldfield Holdings"), and Phillip Galbreath ("Galbreath") (collectively, "Defendants"), hereby remove this action from the Court of Common Pleas, Beaufort County, State of South Carolina, where it was originally filed by Plaintiff Oldfield Club (the "Club"), to the United States District Court for the District of South Carolina, Beaufort Division. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Defendant in this action are attached hereto as Exhibit A.

## PROCEDURAL BACKGROUND AND RELEVANT FACTS

1. On January 19, 2017, the Club commenced this action by filing the Summons and Complaint.

2. On January 23, 2017, Defendants' counsel accepted service of a copy of the Summons and Complaint.

## STATEMENT OF STATUTORY BASIS FOR JURISDICTION

3. This matter is removable pursuant to 28 U.S.C. § 1441(a) and (b) as a civil action brought in a State court which the district courts of the United States have original jurisdiction. This Court is "the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

4. This action is within the original jurisdiction of the U.S. District Court pursuant to 28 U.S.C. § 1332. This statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). As discussed in detail below, this action satisfies both statutory requirements.

**Amount in Controversy**

5. The Complaint does not specify or limit the amount of damages the Club seeks, but the Club requests several categories of compensatory damages, including but not limited to "significantly increased additional assessments," "extensive shortfalls in accounts," "considerable attorneys' fees and costs," (Compl. ¶ 31), "loss of the Greeter's Store property," "expenses of hiring a and training a new general manager," expenses associated with defending a

lawsuit by the former manager, (Id. at 43), fees and costs associated with unwinding the Greeter's Store transaction, costs of relocating services previously provided there, loss of goodwill, and costs to recruit and replace the manager (Id. at 49). Upon information and belief, the compensatory damages alleged exceed $75,000. *See Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739, 2011 U.S. Dist LEXIS 11634, at *2 (D.S.C. Feb. 4, 2011) ("When a specific amount is not specified in the complaint, the object which is sought to be accomplished by the plaintiff may be looked to in determining the value of the matter in controversy.").

In addition, the Club requests punitive damages and its attorneys' fees. (Id. at Prayer). A "claim for punitive damages alone makes it *virtually impossible* to say that the claim is for less than the jurisdictional amount." *Woodward v. Newcourt Comm. Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999) (emphasis added); *see also*, *Thompson v. Victoria Fire & Cas. Ins. Co.*, 32 F. Supp. 2d 847, 847-48 (D.S.C. 1999) (holding amount in controversy met where complaint sought punitive damages, consequential damages, and attorneys' fees and costs beyond the $25,000.00 in actual damages claimed). Thus, the amount in controversy requirement is satisfied.

**Citizenship of the Parties**

6. The Club is a corporation located in South Carolina and organized under the laws of the State of South Carolina. (Compl. ¶ 1). The Club is therefore a resident of the State of South Carolina for purposes of 28 U.S.C. § 1332.

7. Each of the Defendants is a resident of the State of Georgia. Defendants TI Oldfield Development, LLC, TI Oldfield Operations, LLC and Oldfield Holdings GA, LLC are limited liability companies ("LLCs") organized under the laws of the State of Georgia. The members each of these LLCs are SF Operations, LLC, Creola Holdings, Inc. and Mariner Holdings, LLC. SF Holdings, LLC is a Georgia LLC, and its members are individual residents

3

of the State of Georgia. Creola Holdings, Inc. is a Georgia corporation with its principal place of business in Georgia. Mariner Holdings, LLC is Georgia LLC, and its members are individual residents of the State of Georgia.

8. Defendant Phillip Galbreath is resident of the State of Georgia.

9. Fictitiously-named defendants are not considered for purposes of determining whether diversity jurisdiction exists. However, upon information and belief, the Club intended to designate as "John Doe" the current and former members of the Club's Board of Directors appointed by TI Oldfield Operations, LLC, all of whom are individual residents of the State of Georgia.

10. Because the citizenship of all Defendants is diverse from the citizenship of the Club, the diversity of citizenship requirement of 28 U.S.C. § 1332 is satisfied.

## TIMELINESS OF REMOVAL

11. This Notice of Removal is timely because it has been made within 30 days after Defendants' receipt of the Summons and Complaint, attached hereto as Exhibit A. *See* 28 U.S.C. § 1446(b).

## JOINDER OR CONSENT BY ALL DEFENDANTS

12. All Defendants hereby join in this Notice of Removal.

## NOTICE

13. Pursuant to 28 U.S.C. § 1446(d), Defendants have given notice of the filing of this Notice of Removal to the Club as reflected in the Certificate of Service below, and a copy of this Notice of Removal is being filed with the Clerk of the Beaufort County Court of Common Pleas.

## REQUEST FOR BRIEFING AND ORAL ARGUMENT

14.     In the event any question arises as to the propriety of removal of this matter, Defendants request the opportunity to present briefs and oral argument in support of their position that removal of this action is proper.

## CONCLUSION

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1441(b), this action should proceed in the United States District Court for the District of South Carolina, Beaufort Division, as an action properly removed thereto.

NELSON MULLINS RILEY & SCARBOROUGH LLP


By: s/MERRITT G. ABNEY
    Merritt G. Abney
    Federal Bar No. 9413
    E-Mail: merritt.abney@nelsonmullins.com
    151 Meeting Street / Sixth Floor
    Post Office Box 1806 (29402-1806)
    Charleston, SC  29401-2239
    (843) 853-5200

*Attorneys for Defendants*

Charleston, South Carolina

February 15, 2017