**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| OLDFIELD CLUB, for itself and on behalf of its members,<br><br>Plaintiff,<br><br>vs.<br><br>TI OLDFIELD DEVELOPMENT, LLC, and TI OLDFIELD OPERATIONS, LLC, by and through their respective board of directors, John Doe 1–10, individually and as directors between the time period 2010–2015 (pre-turnover); OLDFIELD HOLDINGS GA, LLC; PHILLIP GALBREATH; JAMIE D. SELBY, Individually and as managing member of Elliot Group Holdings, LLC; and ELLIOT GROUP HOLDINGS, LLC,<br><br>Defendants. | ) | No. 9:17-cv-0452-DCN<br><br>**ORDER** |

This matter is before the court on defendant Jamie D. Selby ("Selby") and Elliot Group Holdings, LLC's ("EGH," together with Selby, the "Selby Defendants") motion to dismiss. ECF No. 17. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

This action is one of a series of actions arising out of the management and turnover of the Oldfield Community, a development located in Bluffton, South Carolina ("Oldfield"). Am. Compl. ¶ 10. Oldfield Club operates the recreational and social facilities at Oldfield. Id. ¶ 11. TI Oldfield Development, LLC and TI Oldfield Operations, LLC (the "TI Defendants") are successors to the original holder of

declarant rights to Oldfield. Id. ¶¶ 2, 12. Oldfield Club and TI Defendants entered into a "Transfer Agreement," which required the TI Defendants to turn over "a first-class golf and country club" to Oldfield Club. Id. ¶ 16, 17. This turnover occurred in December of 2015, but Oldfield Club contends that the turnover was deficient in a number of ways. Id. ¶ 17, 21. Specifically, Oldfield Club argues that the transferred facilities were in need of immediate repair or replacement. Id. ¶ 21. It also takes issue with a number of pre-turnover operational decisions that purportedly delayed the turnover, depleted Oldfield Club's funds, and failed to develop a strong membership base for the club, resulting in significantly lower revenues than contemplated by the Transfer Agreement. Id. Most significantly, Oldfield Club alleges that the turnover should have included the transfer of a parcel known as the Greeters Store. Id. ¶ 21.B. Oldfield Club further alleges that Selby, while serving as Oldfield Club's general manager, secretly conspired with the TI Defendants and a member of Oldfield Club's board of directors, Phillip Galbreath ("Galbreath"), to purchase the Greeters Store through EGH. Id. ¶ 21.G. Oldfield Club terminated Selby in October, 2017. ECF No. 8-1, OCA Action Compl. ¶ 43.

On November 16, 2017, Selby filed an action against Oldfield Club in the Court of Common Pleas for Beaufort County, South Carolina (the "Selby Action"), bringing claims for breach of contract and defamation. ECF No. 8-2, Selby Action Compl. ¶ 4–25. Oldfield Club's answer in the Selby Action included counterclaims against the Selby Defendants for (1) breach of fiduciary duty, (2) civil conspiracy, (3) fraud, (4) interference with contractual relations, (5) breach of contract,

(6) negligence, and (7) unjust enrichment. ECF No. 8-3, Selby Action Answer ¶¶ 94–138.

On January 23, 2017, Oldfield Club filed the instant action in the Court of Common Pleas for Beaufort County, South Carolina against the TI Defendants, Galbreath, Oldfield Holdings, GA, LLC, and ten John Doe defendants (the "Original Defendants").[1] The action was removed to this court on February 15, 2017. ECF No. 1. On March 2, 2017, Oldfield Club filed an amended complaint, adding the Selby Defendants as parties. ECF No. 6. The amended complaint brings the following claims against the Selby Defendants: (1) negligence and negligent misrepresentation, (2) civil conspiracy and request for declaratory relief, (3) quantum meruit, and (4) declaratory judgment. Am. Compl. ¶¶ 31–34, 47–61.

On March 24, 2017, the Selby Defendants filed a motion to dismiss, ECF No. 17, and Oldfield Club filed a response on April 6, 2017, ECF No. 24. The court held a hearing on this motion on June 6, 2017. ECF No. 53. For the reasons set forth below, the court denies the Selby Defendants' motion to dismiss.

## **II. STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual

[1] The Oldfield Community Association ("OCA"), another organization created by Oldfield's organizational documents, brought a separate action (the "OCA Action") against the TI Defendants, Galbreath, the John Doe defendants, the Selby Defendants, and others in the Beaufort County Court of Common Pleas on February 21, 2017. The OCA Action was removed to this court on March 24, 2017. See Case No. 9:17-cv-0794-DCN, ECF No. 1.

allegations as true and draw all reasonable inferences in the plaintiff's favor. See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "Facts pled that are 'merely consistent with' liability are not sufficient." A Soc'y Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

## **III. DISCUSSION**

The Selby Defendants argue that the claims against them should be dismissed under the abstention doctrine articulated in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). Selby Def.'s Mot. Oldfield Club agrees that the court should abstain from adjudicating the claims against the Selby Defendants. Oldf. Club's Resp. 2. More specifically, however, Oldfield Club asks the court to abstain from exercising its jurisdiction over all of its claims against all of

the defendants.[2] Id. Despite its interest in having the case heard in state court, Oldfield Club objects to the motion to dismiss only the claims against the Selby Defendants, arguing that it would be improper for the court to abstain from hearing only part of this action while retaining jurisdiction over the claims against the remaining defendants. Id. at 2, 8–9. The Original Defendants did not file a response to the Selby Defendants' motion.[3]

In Colorado River, the Supreme Court recognized that "[g]enerally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'" 424 U.S. at 817 (quoting McClellan v. Carland, 217 U.S. 268, 282 (1910)). Nevertheless, the Court recognized that:

> [T]here are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on considerations of "(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."

Id. (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 182 (1952)). Because federal courts owe a "virtually unflagging obligation [] to exercise the jurisdiction given them," Colorado River abstention applies only in "exceptional circumstances." Id. at 813, 817–18.

---

[2] Oldfield Club previously filed a motion to remand the case to state court. ECF No. 8. This court denied Oldfield Club's motion to remand on June 6, 2017. ECF No. 54.

[3] The original defendants appear to be the only parties interested in having the case in federal court, as they had previously removed the action from state court to this district.

"The threshold question in deciding whether Colorado River abstention is appropriate is whether there are parallel federal and state suits." Great Am. Ins. Co. v. Gross, 468 F.3d 199, 207 (4th Cir. 2006). If the suits are determined to be parallel, the court must then "carefully balance several factors 'with the balance heavily weighted in favor of the exercise of jurisdiction.'" Id. (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (U.S. 1983)). The six factors that guide the abstention analysis are:

> (1) whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

Id. at 207–08.

**A. Threshold Question of Parallel Suits**

Before addressing these six factors, the court must analyze the threshold question of whether it may abstain because the concurrent federal and states suits are sufficiently parallel. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." Id. at 208 (quoting Chase Brexton Health Servs., Inc. v. Maryland, 411 F.3d 457, 463 (4th Cir. 2005)). The parties to each action need not be completely identical, but they must be "almost identical." Chase Brexton Health, 411 F.3d at 464. The court notes that this threshold question asks whether the "suits" are parallel, not the individual claims. Thus, Oldfield Club is correct in asserting that the Colorado River abstention doctrine is an all-or-nothing

proposition. The court must determine whether the action can be dismissed in its entirety, not whether the claims against the Selby Defendants can be dismissed.

The court finds that the entire suit should not be dismissed pursuant to the Colorado River abstention doctrine. First, the Selby Action—the action between Jamie Selby and Oldfield Club currently pending in state court—is not sufficiently parallel to the current suit. All of the parties in the Selby Action are parties here, but this action also includes the TI Defendants, Galbreath, Oldfield Holdings GA, LLC, and ten John Doe defendants. Similarly, the issues raised by the two actions are not identical. While the issues involved in the Selby Action are largely subsumed into the instant action in relation to the transfer of the Greeters Store, the instant action goes further, seeking to impose liability against the Original Defendants for other deficiencies in the Oldfield turnover process. Am. Compl. ¶ 21. Ultimately, "a federal court may abstain under Colorado River only if it 'concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'" vonRosenberg v. Lawrence, 849 F.3d 163, 168 (4th Cir. 2017) (emphasis in original) (quoting Moses H. Cone, 460 U.S. at 28). "If there is any serious doubt that the state action would resolve all of the claims, 'it would be a serious abuse of discretion' to abstain." Id. (emphasis in original) (quoting Moses H. Cone, 460 U.S. at 28). Here, the scope of the federal action exceeds the scope of the state action, and thus, all of the claims in the federal action would not be resolved in state court through the Selby Action. Therefore, the court finds that the actions are not sufficiently parallel and that the Colorado River abstention doctrine does not apply.

### B. Colorado River Abstention Doctrine Factors

Even if the state and federal court actions were sufficiently parallel, the six factors would still weigh against abstention. In regards to the first factor, this action initially appears to "involve[] property where the first court may assume in rem jurisdiction to the exclusion of others." Great American, 468 F.3d at 207. Both actions undoubtedly involve the Greeters Store, and Oldfield Club has sought "disgorgement of all improperly obtained property and profits of [the Selby Defendants]" in the Selby Action. Selby Action Answer ¶ F. Thus, the state court may need to exercise jurisdiction over the Greeters Store in order to effectuate its judgment, even though the Selby Action is not in rem in the traditional sense. However, to the extent that the state court needs to take control of the Greeters Store, it would not need to do so "to the exclusion" of this court's access to the store, because Oldfield Club's federal claims do not seek the physical return of the Greeters Store. Instead, Oldfield Club seeks damages based on the unlawful transfer of the Greeters Store. See Am. Compl. ¶¶ A–L. Thus, the court finds that the movants have not sufficiently proven that this first factor weighs in favor of abstention.

Second, this forum is not particularly inconvenient to the parties. Undoubtedly the Selby Defendants would prefer not to drive ninety miles to attend court, but this does not seem to be the sort of inconvenience which rises to the level of "exceptional circumstances" under Colorado River. Similarly, the threat of piecemeal litigation in this case—the third factor—is no greater than in most other situations involving parallel proceedings. For this factor to weigh in favor of abstention, the "retention of jurisdiction must create the possibility of inefficiencies

and inconsistent results beyond those inherent in parallel litigation, or the litigation must be particularly ill-suited for resolution in duplicate forums." Gannett Co. v. Clark Cont. Grp., Inc, 286 F.3d 737, 744 (4th Cir. 2002). Because the overlap in this case would likely be limited to inconsistent monetary judgments, the court does not find this case to be particularly different from any other case involving parallel litigation.

The fourth factor—the "order in which the courts obtained jurisdiction and the progress achieved in each action"—does weigh in favor of abstention, as the Selby Action was filed first, and very little progress has been made in the instant action. However, turning to the final two factors—"whether state law or federal law provides the rule of decision on the merits" and "the adequacy of the state proceeding to protect the parties' rights"—the court finds that they indicate that abstention is unnecessary. This case involves state law, but the state law at issue appears to be well-settled. Finally, while Oldfield Club prefers for this case to be dismissed from federal court in its entirety, the Selby Action in state court will not adequately protect all of Oldfield Club's rights because it does not include Oldfield Club's claims against the Original Defendants. It certainly is inadequate to protect the rights that the Original Defendants' have raised in their counterclaims against Oldfield Club in the instant action. Based on the above six factors, as well the non-parallel nature of the federal and state suits, the court declines to dismiss the action under the Colorado River abstention doctrine.

## <u>IV. CONCLUSION</u>

For the reasons set for above, the court **DENIES** the Selby Defendants' motion to dismiss, ECF No. 17.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 17, 2017**
**Charleston, South Carolina**